UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYM ABRAM,<br>            Plaintiff,<br>    v.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br>            Defendant. | Case No. 13-4223 JC<br><br>MEMORANDUM OPINION |

**I.    SUMMARY**

On July 1, 2013, plaintiff Kym Abram ("plaintiff") filed a *pro se* Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion")[1] and ("Defendant's Motion"). The

---

[1] On October 9, 2013, the Clerk received a submission from plaintiff entitled "Complaint" with multiple documents attached as exhibits. In light of the contents of plaintiff's submissions, and plaintiff's ex parte communication with the Clerk, the Court liberally construed the documents collectively as Plaintiff's Motion for Summary Judgment.

1  Court has taken both motions under submission without oral argument.  See Fed.
2  R. Civ. P. 78; L.R. 7-15; July 9, 2013 Case Management Order ¶ 5.

   Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[2]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 31, 2010, plaintiff filed an application for Supplemental Security Income benefits.  (Administrative Record ("AR") 20, 182, 195).  Plaintiff asserted that she became disabled on August 11, 2009, due to diabetes, heel spurs, arthritis, hearing loss, depression, anxiety, and fibromyalgia.  (AR 215).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on January 20, 2012.  (AR 35-76).

On January 27, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 30-30).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  diabetes mellitus, a hearing problem, fibromyalgia, left knee arthritis, plantar fasciitis, depression, anxiety, and obesity (AR 22); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 23-24); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional exertional and non-exertional limitations[3]

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[3] The ALJ determined that plaintiff:  (i) could only occasionally climb ladders, ropes, scaffolds, ramps or stairs; (ii) could occasionally balance, stoop, kneel, crouch, or crawl; (iii) needed to avoid concentrated exposure to poorly ventilated areas and environmental irritants, such as smoke, fumes, odors, dusts, and gasses; (iv) needed to avoid even moderate exposure to
(continued...)

(AR 24-25); (4) plaintiff could not perform her past relevant work (AR 28); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically bagger, cleaner and polisher, and basket filler (AR 29); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 26).

The Appeals Council denied plaintiff's application for review.  (AR 1).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

///

---

[3](...continued)
unprotected heights and walking on uneven terrain, and moderate use of moving machinery; (v) could only occasionally perform tasks requiring fine hearing capability; (vi) was limited to performing simple, routine, repetitive tasks with simple work-related decisions, routine workplace changes, and occasional supervision; (vii) could not have direct interaction with the public; (viii) could have occasional interaction with coworkers; and (ix) would be expected to be off task for five minutes of each hour due to her limitations in attention and concentration.  (AR 24-25).

    (1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

    (3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

    (4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal

1  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
3  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
4  mind might accept as adequate to support a conclusion."  Richardson v. Perales,
5  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
6  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
7  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).
8      To determine whether substantial evidence supports a finding, a court must
9  "'consider the record as a whole, weighing both evidence that supports and
10 evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.
11 Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d
12 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
13 or reversing the ALJ's conclusion, a court may not substitute its judgment for that
14 of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.   DISCUSSION**

Liberally construed, Plaintiff's Motion asserts, in pertinent part, that plaintiff:  (i) suffered from multiple impairments including "Bi-polar, fibromyalgia, diabetes, severe depression and anxiety, hearing loss in both ears, arthritis in left knee, and plantar fa[s]ciitis/heel spurs in both feet"; (ii) experienced depression and anxiety "so severe that [she] was placed on a 72 hour hold at Aurora Charter Mental Hospital for 'Danger to Self'"; (iii) takes nine different medications that "render [her] unable to function in day to day society properly"; (iv) "presented substantial evidence/proof to uphold [her] claim of [being] permanently disabled"; and (v) "deserve[s] SSI benefits, including back pay from when [her] claim began."  (Plaintiff's Motion at 2-4).  The Court cannot conclude that a reversal or remand is warranted in this case since plaintiff has not shown that the ALJ's non-disability decision was not supported by substantial evidence or was based on legal error.

1    First, in evaluating plaintiff's residual functional capacity, the ALJ relied in
2 part on opinions regarding plaintiff's physical and mental abilities provided by Dr.
3 John Sedgh[4] (a consultative examining internist) and Dr. Reynaldo Abejuela[5] (a
4 consultative examining psychiatrist) – neither of whom found any limitations
5 beyond those already accounted for in the ALJ's residual functional capacity
6 assessment. (AR 301-07, 319-24). The opinions of Drs. Sedgh and Abejuela were
7 each supported by independent clinical findings, and thus constitute substantial
8 evidence supporting the ALJ's residual functional capacity assessment for
9 plaintiff. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)
10 (consultative examiner's opinion on its own constituted substantial evidence,
11 because it rested on independent examination of claimant); cf., e.g., Matthews v.
12 Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Commissioner's
13 decision, the Court emphasized: "None of the doctors who examined [claimant]
14 expressed the opinion that he was totally disabled").
15 ///

---

[4]On March 24, 2011, Dr. Sedgh, a board-certified internist, conducted an Internal Medicine Consultation which included a physical examination of plaintiff. (AR 319-24). Based on his examination of plaintiff, Dr. Sedgh opined that plaintiff (i) could lift and carry 50 pounds occasionally and 25 pounds frequently; (ii) could stand and/or walk six hours in an eight-hour day with normal breaks; (iii) could sit six hours in an eight-hour day with normal breaks; (iv) had no postural or manipulative limitations; and (v) had communication limitations secondary to decreased hearing. (AR 323-24). The ALJ, nonetheless, concluded that plaintiff should be further limited to "light work with occasional postural activities" to account for limitations caused by plaintiff's plantar fasciitis/heel spurs and related pain – impairments Dr. Sedgh apparently had not considered. (AR 28).

[5]On March 15, 2011, Dr. Reynaldo Abejuela, a board-certified psychiatrist, conducted a Complete Psychiatric Evaluation which included a mental status evaluation of plaintiff. (AR 301-07). Based on his examination of plaintiff, Dr. Abejuela essentially opined that, "[o]verall, [plaintiff's] psychiatric limitations [were] none to mild." (AR 307). Although the ALJ gave "great weight" to Dr. Abejuela's opinions, the ALJ nonetheless included in plaintiff's residual functional capacity assessment "[a]dditional limitations on the amount of interpersonal contact that [plaintiff could] sustain and any [limitations related to plaintiff's] concentration issues" based on plaintiff's subjective symptom testimony. (AR 28).

Second, substantial evidence also supports the ALJ's non-disability determination at step five. At the hearing, the ALJ posed a hypothetical question to the vocational expert which included all of the limitations contained in the ALJ's residual functional capacity assessment for plaintiff. (AR 69-72). In response, the vocational expert testified that a claimant with the stated limitations could still perform the representative jobs of bagger, cleaner and polisher, and basket filler. (AR 72). Accordingly, the vocational expert's testimony constitutes substantial evidence supporting the ALJ's determination that plaintiff could perform such jobs. Tackett, 180 F.3d at 1101 (vocational expert's testimony may constitute substantial evidence of claimant's ability to perform work in the national economy when ALJ poses hypothetical question that accurately describes all of a claimant's limitations and restrictions supported by the record).

Finally, with respect to plaintiff's general allegations that she "presented substantial evidence/proof to uphold [her disability] claim" and that she "deserve[s] SSI benefits" (Plaintiff's Motion at 2, 4), any claim of error based on such conclusory pleading does not merit relief. Cf. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (courts "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief") (citation and internal quotation marks omitted).

Accordingly, a remand or reversal is not warranted in this case.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 20, 2013

                                                /s/
                                     Honorable Jacqueline Chooljian
                                     UNITED STATES MAGISTRATE JUDGE